{¶ 11} Rogers, J., concurring separately. I concur with the majority opinion's judgment; however, I write separately to express my frustration with the role that appellate courts in Ohio have been forced to play in sentencing following Senate Bill 2 (effective 7/1/1996). Essentially, the appellate courts' function has become to examine, with microscopic care, the language used by trial courts in sentencing to determine whether it passes statutory muster. While the ideals of the sentencing statutes enjoined upon the courts of Ohio by S.B. 2 and its progeny may have been well intentioned, the vague terms utilized have caused an explosion of appeals challenging trial court findings of "worst form of the offense," "demean the seriousness of the offense" and other terms, the exact meanings of which were not and cannot be defined.
 {¶ 12} This case is a prime example of the above problem. As noted by the majority opinion, the defendant was sentenced on two counts of sexual battery, felonies of the third degree. A felony of the third degree carries a potential penalty of one, two, three, four, or five years in prison. R.C. 2929.14(A)(2). The sentencing statutes require that if the trial court desires to impose more than a minimum penalty for a felony offense, then the trial court must make one of several specific findings, one of which is a finding that the minimum term would "demean the seriousness of the offender's conduct." R.C. 2929.14(B)(2). Likewise, a trial court sentencing an offender for a felony "may impose the longest prison term authorized for the offense" only if the trial court makes one of several specific findings, one of which is a finding that the defendant "committed the worst [form] of the offense." R.C.2929.14(C).
 {¶ 13} The trial court judge in this case specifically stated that this was the "worst form of the offense * * *." However, because the trial court imposed more than the minimum prison term, but less than the longest prison term, it was required to find that the minimum term would "demean the seriousness of the offense." R.C. 2929.14(B)(2). Therefore, the majority opinion has remanded this case for re-sentencing. I understand the majority's reasoning for remanding Kalb's sentence and respectfully join that opinion based on the law governing this Court. However, can anyone seriously argue that the minimum term would not demean the seriousness of the offense when a trial court has found the defendant's conduct to be the worst form of the offense?
 {¶ 14} On remand, the trial court is likely to reimpose the same sentence. However, the second time around the trial court will surely choose its words more carefully and will probably use the "magic words" of the statute.
 {¶ 15} While the goal should always be technical correctness in our compliance with the mandates of the legislature, small departures in semantics should not demand such drastic consequences. The cost to the criminal justice system is too great to allow this to continue. Because most criminal defendants are indigent, the citizens of Ohio bear the financial cost of these appeals and resentencing hearings. Furthermore, the cost is more than just monetary. There is also a cost of the credibility of the criminal justice system when a defendant is told that he/she won his/her appeal on the issue of sentencing, only to be returned to the trial court to be resentenced to exactly the same penalties with the trial court simply using different words. What a farce this must seem to those defendants and their families. What a waste of time and money it must appear to the trial courts, appellate courts, prosecutors, and especially to the county commissioners who must budget for these nonsensical proceedings.
 {¶ 16} It is time to ask our legislature to correct this malady.